IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL STEPHEN JOHNSON,

    Defendant.

Case No. 6:14-cr-00482-MC

ORDER RE: Motion to Dismiss Counts 1-6; Foreign Commerce

MCSHANE, Judge:

Defendant Daniel Johnson moves this Court, pursuant to Fed. R. Crim. P. 12(b)(3), to dismiss counts one through six of the Superseding Indictment on constitutional grounds. Dkt. 59. These counts charge Johnson with traveling in foreign commerce (from the United States to the Kingdom of Cambodia) and engaging in illicit sexual conduct with minors in violation of 18 U.S.C. § 2423(c) and (e)[1] (2003). Defendant argues that § 2423(c) is facially unconstitutional as well as specifically unconstitutional when applied to the alleged conduct that forms the basis of the government's charges.[2]

The Ninth Circuit has found 18 U.S.C. § 2423(c) to be constitutional on its face. *United States v. Clark*, 435 F.3d 1100, 1103 (9th Cir. 2006) (reviewing the statute under the "traditional rational basis standard" the court found "[w]here [ ] the defendant travels in foreign commerce to a foreign country and offers to pay a child to engage in sex acts, his conduct falls under the broad umbrella of foreign commerce and consequently within congressional authority under the

---

[1] Subsection (e) provides that an attempt or conspiracy to violate § 2423(c) shall be punishable in the same manner as a completed violation.
[2] *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (criminal statute may be facially unconstitutional if it is void for vagueness); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) (as-applied challenge determines whether a statute is unconstitutional as applied to a particular set of facts).

1 – ORDER RE: Motion to Dismiss Counts 1-6; Foreign Commerce

Foreign Commerce Clause.[3]") In a facial challenge a litigant must "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 48 U.S. 739, 745 (1987). Because Defendant cannot establish that no set of circumstances exists under which the Act would be valid, 18 U.S.C. § 2423(c) is constitutional on its face.

Johnson also challenges the constitutionality of § 2423(c) as applied to the specific facts of his case, arguing that Congress cannot rely on the foreign commerce clause to regulate noncommercial sex acts committed abroad. He submits that the facts underlying his charges differ from those found in *Clark*, where the defendant was shown to have routinely paid minors to perform sex acts while traveling abroad. 435 F.3d at 1103. The Ninth Circuit in *Clark* found that "§ 2423(c)'s combination of requiring travel in foreign commerce, coupled with engagement in a commercial transaction while abroad, implicates foreign commerce to a constitutionally adequate degree." *Id*. at 1114. "[T]he statute covers the situation where a U.S. citizen engages in a commercial transaction through which money is exchanged for sex acts." *Id*. at 1115.

Here, Johnson argues that the underlying criminal conduct he is alleged to have engaged in lacks the necessary economic nexus to fall under the Foreign Commerce Clause. The allegations that he engaged in illicit sexual conduct with minors are noncommercial sex acts—there is no allegation that anything of value was given or received.

The Court declines at the moment to rule on the Defendant's as-applied challenge in order to allow for a factual record to be developed at trial. *United States v. Perry*, 431 F.2d 1020, 1023 (9th Cir. 1970) (an as-applied challenge is based on a developed record) citing *White Motor Co. v. United States*, 372 U.S. 253 (1963). Without a factual record, Defendant's as-applied challenge is premature.

---

[3] Authority for the exercise of extraterritorial jurisdiction is found in the Constitution's foreign commerce clause: Congress shall have the power "to regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I § 8, cl. 3.

In his Reply and in oral argument on February 15, 2018, Defendant raised a further constitutional concern that § 2423(c) lacks a requisite mental state as an element of the offense. The court believes that issue can be addressed during jury instructions.

Defendant's motion (Dkt. 59) is DENIED in part, as to constitutional facial challenge. Defendant's as-applied challenge will be re-visited after the development of the factual record. The *mens rea* requirement under § 2423(c) will be addressed during jury instructions.

IT IS SO ORDERED.

DATED this 16th day of February, 2018.

                                                          s/Michael J. McShane
                                                            Michael J. McShane
                                                      United States District Judge