IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL STEPHEN JOHNSON,

    Defendant.

Case No. 6:14-cr-00482-MC

ORDER RE: Motion to Suppress Facebook Evidence

MCSHANE, Judge:

Defendant Daniel Johnson moves to suppress all Facebook evidence obtained by the government and requests a *Franks* hearing. He argues that the search warrant violated the Fourth Amendment's particularity requirement; that the warrant was issued by a magistrate judge in violation of Fed. R. Crim. P. 41 and 28 U.S.C. Sec. 636(a); and that the Affidavit filed in support of the Application For a Search Warrant was marred by material misstatements of fact and reckless material omissions.

The government responds that Johnson lacks standing to assert any reasonable expectation of privacy in the three accounts that belong to others. As to his own Facebook accounts, the government contends that the statements in the affidavit were neither reckless or untruthful, and the alleged omissions have no relevance to a finding of probable cause.

Because the warrant, when stripped of the alleged misrepresentations and omissions, retains sufficient facts to support probable cause, and because Special Agent Schoening, who

1 – ORDER RE: Motion to Suppress Facebook Evidence

submitted the Affidavit, did not show a reckless disregard for the truth, a *Franks* hearing is not necessary. Defendant's motion to suppress (Dkt. 61) is DENIED.

## STANDARD

Before a defendant is entitled to a *Franks* hearing, they must satisfy five requirements identified by the Ninth Circuit. They must allege with specificity those portions of the affidavit are believed to be false; allege that the false statements or omissions were deliberately or recklessly made; submit a detailed offer of proof to support the allegations; challenge the veracity of the affiant; and make a showing that the challenged statements are necessary for a finding of probable cause. *United States v. Dicesare*, 765 F.2d 890, 895 (9th Cir. 1985), *amended*, 777 F.2d 543 (1985) (citation omitted); see also *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008). When a search warrant affidavit contains false or misleading statements, the court should delete the falsities and insert the omitted truths to see if the reformed affidavit establishes probable cause. *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992).

## FACTUAL BACKGROUND

On March 18, 2016, Magistrate Judge Coffin approved the search warrant at issue based upon an affidavit provided by Special Agent Shoening. The Warrant directed Facebook to produce information from five Facebook accounts. Two accounts belonged to Defendant and the other three accounts belonged to Defendant's brothers and their wives.

The Warrant targeted evidence related to allegations of illicit sexual conduct in foreign places, travel with intent to engage in illicit sexual conduct, and witness tampering. The Warrant directed Facebook to provide the Government with: all records of communications made or received by the user (including messages, chat history, video calling history, pending friend requests), information on security questions and answers, passwords, who accessed any

Facebook content, and how and when it was accessed. The warrant required law enforcement to segregate the information into two groups: (1) information responsive to the Warrant that the Government could seize, and (2) information not responsive to the Warrant. The Warrant authorized the FBI to seize all information associated with Defendant's Facebook accounts from the date of creation to the execution of the Warrant, and included any data that was deleted but still available.

## DISCUSSION

### I. Standing to challenge under the Fourth Amendment

Standing to challenge a search under the Fourth Amendment is a "threshold question" that a defendant must answer before this Court may consider whether the search itself was reasonable. *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007). The defendant bears the burden of establishing his Fourth Amendment rights were violated by the search. *United States v. Caymen*, 404 F.3d 1196, 1199-1200 (9th Cir. 2005) (internal citation omitted). To do so, a defendant must show that he had either a property interest or a reasonable expectation of privacy in the Facebook accounts searched. *United States v. Lopez-Cruz*, 730 F.3d 803, 807 (9th Cir. 2013); *United States v. Padilla*, 508 U.S. 77, 82 (1993).

Three of the five Facebook accounts targeted by the Warrant belonged to third parties; namely, Johnson's family members. Because Johnson did not possess or maintain any of those accounts, he cannot establish that he has a possessory or privacy interest in their contents. As a result, Johnson lacks standing to challenge the search of the three accounts belonging to third parties.

### II. Particularity requirement

Three factors are considered when analyzing the constitutionality of a warrant's breadth: (1) whether probable cause existed to seize all items of a category described in the warrant; (2) whether the warrant set forth objective standards by which executing officers could differentiate items to be seized from those not to be seized; and (3) whether the government could have described the items more particularly in light of available information. *United States v. Flores*, 802 F.3d 1028, 1044 (9th Cir. 2015) (quoting *United States v. Lei Shi*, 525 F.3d 709, 731-32 (9th Cir. 2008)).

Defendant argues that the Warrant failed to meaningfully identify the social media accounts subject to the search, and failed to differentiate how relevant content would be distinguished from irrelevant content, violating the Fourth Amendment's particularity requirement. Defendant claims the manner in which Government searched his accounts was indiscriminate by compelling Facebook to disclose the entire digital footprint of the accounts. As a result, Defendant argues, the warrant "over-seized" and captured content (1) not relevant and (2) without temporal limits to the evidence of criminal wrongdoing specially sought out by the Warrant.

The concept of "over-seizing" has been expressly accepted as a practical reality in the search of electronic files and devices. *Flores*, 802 F.3d at 1044-45 ("'over-seizing' is an accepted reality in electronic searching because there is no way to be completely sure what an electronic file contains without somehow examining the contents.") As for the requirement that a Warrant contain temporal limits so as to protect against over-seizing, here the seized social media accounts were temporally bound by their creation dates. The earliest account was created in July of 2009 and the most recent account was created in May of 2014. The dates the accounts were created are well within the relevant time period of the criminal wrongdoing being investigated.

Johnson has been frequently traveling in and out of Cambodia from about January 2001 through May 2013 when he was arrested by the Cambodia National Police. Foreign travel is an element of two of the crimes in the Affidavit and his presence in Cambodia as early as 2000 or 2001 is pertinent to the investigation of allegations of illicit sexual conduct in a foreign place.

Defendant also argues that specialized personnel or an independent third party should have been utilized in the screening of relevant data contained in the accounts. This would assure that protected information was not shared with the government. Defendant contends that the warrant blurs the line between who should be conducting the search of the social media accounts and who should decide what content is relevant. Ninth Circuit law, however, does not prohibit the participation of the government's investigative team from participating in data segregation. *Flores*, 802 F.3d at 1045; *United States v. Comprehensive Drug Testing*, 621 F.3d 1162, 1180 (9th Cir. 2010) (Kozinski, J., concurring).[1] The warrant satisfies the Fourth Amendment's particularity requirements.

## III. Magistrate Judge's jurisdictional powers to issue the Warrant

Defendant challenges the authority of a magistrate judge to issue the warrant in this case under Fed. R. Crim. P. 41 and 28 U.S.C. § 636(a). Defendant's arguments lack merit.

Section 2703 of the Electronic Communications Privacy Act gives courts of competent jurisdiction the authority to issue warrants beyond the territorial limits of their district. 18 U.S.C. § 2703.[2] A "court of competent jurisdiction" is defined to include magistrate judges that have jurisdiction over the offense being investigated. 18 U.S.C. § 2711(3)(A). The language in § 2703 is unambiguous.

---

[1] The concurrence in *Comprehensive Drug Testing* provided that "if the segregation is to be done by government computer personnel, the government must agree in the warrant application that the computer personnel will not disclose to the investigators any information other than that which is the target of the warrant." *Id*. at 1180.
[2] ECPA allows the government to seek warrants from "court[s] of competent jurisdiction" to command providers of electronic communications to disclose "the contents of wire or electronic communication[s]." 18 U.S.C. § 2703(a).

5 – ORDER RE: Motion to Suppress Facebook Evidence

Because jurisdiction to issue ECPA warrants is broader than the territorial jurisdiction in Rule 41, the warrant issued by Magistrate Judge Coffin is valid.

## IV. Validity of the Affidavit

### A. The legal standard with regard to a *Franks* hearings

There is "a presumption of validity with respect to the affidavit supporting [a] search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). A defendant has the burden of making "a substantial showing that the affiant intentionally or recklessly" misrepresented or omitted facts required to prevent technically true statements from being misleading. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.), *amended by* 769 F.2d 1410 (9th Cir. 1985). The defendant's proof "must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Franks*, 438 U.S. at 171. Any "allegations of negligence or innocent mistake are insufficient." *Id.* As are speculative allegations. *United States v. Lingenfelter*, 997 F.2d 632, 640 (9th Cir. 1993). The absence of an affidavit or sworn statement offering proof of deliberate or reckless falsehood "is enough in itself" to defeat a demand for a *Franks* hearing. *United States v. Ruddell*, 71 F.3d 331, 334 (9th Cir. 1995).

### B. Statements regarding the images of children

Defendant challenges the following statements in Paragraph 28 of the Affidavit as being intentionally or recklessly misleading: "I found multiple images which appear to be indicative of child pornography" and "I believe that some of the images depict the sexual abuse of children, including young males who appear to be Asian being abused by a Caucasian male." Def. Exh. 3 at 23, Dkt. #61.

6 – ORDER RE: Motion to Suppress Facebook Evidence

Defendant introduces the Declaration of Josiah Roloff, President of Global CompuSearch LLC, to assert that the affiant's statements in Paragraph 28 are false. Def. Exh. 4. Roloff was "unable to find a clear connection between the opinion of [Special Agent Schoening] that '[he] found multiple images which appear to be indicative of child pornography' and any actual files on the iPhone 4S that indeed, in [Roloff's] opinion appear to be clearly the same." Def. Exh. 4 at 7-10.

Roloff's examination report does not provide a sufficient basis to conclude that Special Agent Schoening made a deliberate or reckless misstatement or omission regarding either challenged statement. Special Agent Schoening did not say he found images that were clearly child pornography, rather he said he found images that "appear indicative of child pornography." Def. Exh. 3 at 23. Schoening further qualified his statement, noting the quality of the images were poor due to a software glitch. While some images are difficult to decipher, others are not. The Affidavit further explained that "One of the victims in this investigation said that JOHNSON took photographs of the abuse using his iPhone, which is where the photographs were located." *Id*. A review of the photos in question does not require an expert to determine that they contain images of nude children and are indicative of child pornography. When factored into the totality of the investigation (something that Roloff does not consider in his opinion) it would be negligence for Special Agent Schoening to conclude otherwise.

**C. Other alleged omissions and misstatements**

Defendant alleges that there are additional omissions and misstatements in the affidavit in support of the warrant, and that those omissions and misstatements rise to the level of recklessly or deliberately misleading the magistrate.

Defendant first argues that the Affidavit should have disclosed specifically that the FBI took possession of Defendant's digital devices on December 12, 2013, over a year prior to seeking the warrant on January. This argument lacks merit. The Affidavit makes it clear that the Cambodia National Police arrested the Defendant on December 9, 2013. In the course of their investigation immediately following Johnson's arrest, they found and seized multiple digital devices belonging to Johnson. Govt. Exh. 1 at 58-59. The Cambodia National Police subsequently provided these devices to the FBI, asking the FBI for assistance in analyzing the devices. *Id*. On December 12, 2013, while in Cambodia, Special Agent Yesensky previewed one such item. *Id*. While there were several images of children on this camera, he found no images of child pornography. *Id*. In this context, the Affidavit provides sufficient information as to when the FBI came into possession of the devices. Even if the date that the devices came into the possession of the FBI was more specifically articulated, the Affidavit still provides probable cause for the Warrant's authorization to search the Facebook accounts.

Second, Defendant argues that Paragraph 28 of the Affidavit is misleading because Special Agent Schoening omitted the fact that some of the victims gave inconsistent statements to law enforcement. The focus however, when requesting a *Franks* hearing, is the veracity affiant, not the veracity of the victims. *DiCesare*, 765 F.2d at 895. When coupled with evidence that Defendant attempted to tamper with the victims, Special Agent Shoening was not obligated to proffer all inconsistent statements.

Defendant also argues that the Affidavit should have included information that the charges of sexual abuse against the Defendant in Lincoln County, Oregon were dismissed in 2002. Neither the dismissal of those charges or the fact that the same charges were resurrected in a 2013 indictment are germane to whether probable cause exists to perform a search of Facebook

8 – ORDER RE: Motion to Suppress Facebook Evidence

accounts for evidence of sexual abuse in Cambodia. The information of the Lincoln County charges provided background as to why Johnson was initially arrested in Cambodia. The fact that the information regarding the Lincoln County charges could have been more thorough or complete is irrelevant when, as here, the affidavit establishes probable cause. *United States v. Kelley*, 482 F.3d 1047, 1054 (9th Cir. 2007*)*; *United States v. Gourde*, 440 F.3d 1065, 1073 (9th Cir. 2006) (en banc).

As discussed above, the authorizing judge on the Warrant was not "misled by information that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Leon*, 468 U.S. at 923. Paragraph 28 of the affidavit appears to describe exactly what Special Agent Schoening believed the photos to be indicative of; namely, child pornography. With regard to the omissions, at oral argument the government pointed to several areas of the affidavit that rebut the contention that the facts alleged to have been omitted were in fact absent from the affidavit. But even if this Court accepted the defense proposition that the statements were "misrepresented or omitted," when stripped of these alleged "mispresented or omitted" facts, the Affidavit would still have provided probable cause for the issuance of the Warrant.

## **CONCLUSION**

Defendant's Motion to Suppress (Dkt. 61) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of February, 2018.

            s/ Michael J. McShane
            Michael J. McShane
           United States District Judge