IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

               Plaintiff,                        6:14-cr-00482-MC

         v.

                                      **OPINION AND ORDER**

DANIEL JOHNSON,

               Defendant.

_____

**MCSHANE, District Judge**

    A jury found Defendant Daniel Johnson guilty of numerous counts involving the sexual abuse of children in Cambodia. Mr. Johnson now moves to vacate or set aside his convictions under 28 U.S.C. § 2255. He brings four ineffective assistance of counsel claims. Because he has not shown that his constitutional rights have been infringed upon or denied, Mr. Johnson's § 2255 Motion, ECF No. 412, is DENIED.[1] The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

    Mr. Johnson is a United States citizen and resident of Oregon. Johnson Trial Tr. 56, ECF No. 253. He traveled from the United States to Cambodia multiple times between 2005 and 2013. *Id*. at 57. While in Cambodia, he operated the Hope Transitions Center orphanage. There, he sexually abused multiple young boys. Verdict Form, ECF No. 234

---

[1] Mr. Johnson also requests that the Court reinstate and decide his *pro se* Grounds 2(B), 3, and 5. Def.'s Mot. 6. This Court previously found Mr. Johnson's *pro se* Motion to Vacate or Correct Sentence moot when Mr. Johnson obtained counsel. ECF No. 393. Because the Government has not had an opportunity to brief the Court on these Grounds, the Court will not consider or decide them here. Mr. Johnson may submit a formal motion on the Grounds, allowing for the Government to respond.

In December 2014, a federal grand jury in the District of Oregon charged Mr. Johnson with one count of traveling in foreign commerce and engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(c). Indictment, ECF No. 1. The Government continued to investigate Mr. Johnson's actions in Cambodia. In May 2017, a federal grand jury charged Mr. Johnson in a superseding indictment with six additional violations of 18 U.S.C. § 2423(c). Superseding Indictment, ECF No. 40. The superseding indictment also included one violation of 18 U.S.C. § 2241(c)—crossing state lines with the intent to engage in a sexual act with a person under 12 and attempting to do so. *Id.*

Craig Weinerman and Lisa Maxfield served as Mr. Johnson's counsel leading up to and during his 11-day trial. Weinerman Decl. 1. On May 16, 2018, a jury found Mr. Johnson guilty of six counts of engaging in illicit sexual conduct in a foreign place in violation of 18 U.S.C. § 2423(c) and (e); one count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b); and one count of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c). Verdict Form at 1–2, ECF No. 234. This Court sentenced him to six consecutive 30-year sentences, a concurrent 30-year sentence, and a concurrent life sentence. Second Am. J. 3, ECF No. 328.

Mr. Johnson appealed the judgment. Notice of Appeal 1, ECF No. 303. Laura Graser represented Mr. Johnson for his direct appeal. Graser Decl. Ex. 1 at 1, ECF No. 424. The Court of Appeals for the Ninth Circuit affirmed the trial court's ruling. Ct. of Appeals Mem. 2, ECF No. 338. Mr. Johnson challenges his convictions pursuant to 28 U.S.C. § 2255, arguing he received ineffective assistance of trial and appellate counsel. Def.'s Am. § 2255 Mot., ECF No. 412 ("Def's Mot.").

2 – OPINION AND ORDER

## STANDARDS

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is required, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## DISCUSSION

Mr. Johnson brings four claims of ineffective assistance of counsel. First, Mr. Johnson points to his counsels' arguments surrounding 18 U.S.C. § 2241(c) in relation to count 8. Def.'s Mot. 8. Second, he highlights his counsels' decision not to pursue judicial estoppel in support of a residency defense to counts 1–6. *Id.* at 12. Third, Mr. Johnson contests trial counsel's languorous response to his initial indictment. *Id.* at 17. Finally, Mr. Johnson challenges his counsels' approach to the jury empanelment. *Id.* at 26. None of his allegations rise to the level of constitutionally deficient assistance of counsel.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show that (1) their lawyer's performance was unreasonably deficient (2) in a manner that prejudiced the defense. *Id.* A defendant must show that their counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. There is a weighty presumption that a counsel's conduct lands within the "wide range of reasonable professional assistance." *Id.* at 689. A defendant can only establish prejudice by showing "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Similarly, for appellate counsel, a defendant must show that counsel "acted unreasonably in failing to discover and brief a merit-worthy issue" and that "but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal." *Tamplin v. Muniz*, 894 F.3d 1076, 1090 (9th Cir. 2018).

## I. <u>Applicability of 18 U.S.C. § 2241(c)</u>

Mr. Johnson alleges that his attorneys were constitutionally ineffective by failing to argue that § 2241(c) does not apply to the foreign conduct. Def.'s Mot. 8. Count 8 charged Mr. Johnson with knowingly crossing a state line with the intent to engage in a sexual act with a person younger than 12 years old and attempting to do so. Superseding Indictment 5, ECF No. 40. Mr. Johnson contends that his counsels' failure to raise this argument resulted in a life sentence as to count 8. Def.'s Mot. 11–12.

For the first time, Mr. Johnson asserts that § 2241(c) solely applies to domestic acts. Def's Mot. 10. He leans on the presumption against extraterritoriality. *Id*. Mr. Johnson argues that § 2241(c) only applies to domestic conduct because Congress did not expressly indicate that it applies globally. *Id*. And since the focus of § 2241(c) is sexual abuse, he opines that the statute does not cover his sexual acts in Cambodia. *Id*. at 11. Mr. Johnson calculates that the failure to present this interpretation equates to objectively deficient counsel. *Id*. at 11–12.

Even if Mr. Johnson's freshly presented § 2241(c) argument may have benefited his defense, it does not follow that prior counsel was incompetent for not pursuing it. "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

4 – OPINION AND ORDER

This presumption applies even to an inadvertent omission. *Id*. Mr. Johnson's extraterritoriality argument of § 2241(c) is not so universally accepted that its omission can only be attributed to a "professional error of constitutional magnitude." *Id*.

By Mr. Johnson's trial in 2018, multiple courts had affirmed the guilt of defendants for violating § 2241(c) when departing the United States to engage in sexual acts with children abroad. See *Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 254–55 (5th Cir. 2016) (affirming conviction of defendant who traveled from Texas to Mexico); see also *United States v. Irving*, 425 F.3d 110 (2d Cir. 2006) (affirming conviction of defendant who traveled from New York to Honduras). In a more recent case decided after Mr. Johnson's trial, the Ninth Circuit also affirmed a § 2241(c) conviction of a defendant who traveled from New Mexico to Cambodia. *United States v. Pepe*, 81 F.4th 961, 974 (9th Cir. 2023). Mr. Johnson cites no case that finds § 2241(c) exclusively applies to domestic sexual abuse. The existence of persuasive authority of § 2241(c) applying to sexual acts abroad could have reasonably led Mr. Johnson's trial counsel to believe an extraterritoriality attack would have been futile or inefficient.[2] His counsel was unsuccessful in its defense of count 8, not ineffective.

It was reasonable for Mr. Johnson's trial and appellate counsel to not raise this argument given existing case law at the time of his trial and appeal. *Harrington v. Richter*, 562 U.S. 86, 107 (2011) (finding that counsel is "entitled to formulate a strategy that [is] reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies."). Because Mr. Johnson fails to show how his counsel fell below an objective standard of reasonableness, his first claim is not grounds to vacate or set aside his conviction.

---

[2] Mr. Johnson's appellate counsel believed the argument would not be of interest to the Ninth Circuit. Graser Decl. 2–3. Counsel need not raise every nonfrivolous claim on appeal; focusing on arguments with the highest likelihood of success on appeal is often effective and efficient advocacy. *Jones v. Barnes*, 463 U.S. 745, 752–754 (1983).

## II.  18 U.S.C. § 2423(c) Residency Defense

Mr. Johnson next claims that his counsel was ineffective by not attempting to judicially estop the Government from allegedly changing its position as to Mr. Johnson's residency in relation to counts 1–6. Def's Mot. 12.[3] Mr. Johnson argues he was *living* in Cambodia—not *traveling*—when the sexual conduct occurred, thus § 2423(c) does not apply. Def's Mot. 12. He contends that the Government similarly represented that Mr. Johnson lived in Cambodia. *Id*. However, according to Mr. Johnson, the Government changed its position without challenge during his appeal after the Ninth Circuit clarified § 2423(c) in *United States v. Pepe*. *Id*.

In 2018, shortly after Mr. Johnson's trial, the Ninth Circuit decided *Pepe*. In *Pepe*, the court held that, prior to Congress' amendment in 2013, § 2423(c) was "inapplicable to U.S. citizens living abroad unless they were traveling—meaning something more than being in transit—when they had illicit sex." 895 F.3d at 682; Ct. of Appeals Mem. 4–5. Mr. Johnson alleged on appeal that the district court erred in denying him a new trial based on *Pepe* since he lived in Cambodia. *Id*. The Court of Appeals rejected Mr. Johnson's residency argument because the jury was presented with overwhelming evidence that his actions were consistent with that of a citizen of the United States traveling temporarily to Cambodia. *Id*. at 6. For example, the court indicated that Mr. Johnson described his "trips abroad" as "temporary" on U.S. passport forms and that he always maintained a permanent residence in Oregon. *Id*. The parties also stipulated that Mr. Johnson traveled to Cambodia during the period in question. Johnson Trial Tr. 56, ECF No. 289.

---

[3] Counts 1–6 charged Mr. Johnson with *traveling* in foreign commerce and engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(c) (emphasis added). Superseding Indictment, ECF No. 40.

The record defeats Mr. Johnson's ineffective assistance of counsel claim. Judicial estoppel is a doctrine where a party may not assume a certain position, succeed on that position, and thereafter adopt a contrary position when convenient. *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001). The record plainly shows that the Government was consistent in its position that Mr. Johnson was an Oregon resident and U.S. citizen. The Government identifies eleven examples of it reinforcing these positions throughout the litigation process. Response to Def.'s Mot. 12–14, ECF No. 427. Given that there was overwhelming evidence as to the Government consistently asserting that Oregon was Mr. Johnson's permanent residence—and Cambodia being a temporary residence—it was reasonable for his counsel to not pursue judicial estoppel on the issue. *Strickland*, 466 U.S. at 688 (holding that a court should determine "whether counsel's assistance was reasonable considering all the circumstances.").

Mr. Johnson also alleges in his second claim that his appellate counsel declined "to read the government's filing when deciding Mr. Johnson's claims." Def.'s Mot. 17, f.4. He cites to emails sent by Ms. Graser on July 26, 2019 and August 12, 2019 that state she had yet to fully read the Government's pleadings. *Id*. (citing Nelson Decl. Ex 2 at 3–5.). He asserts that these emails are evidence of "deficient performance *per se*." *Id*.

Appellate counsel declared that she independently analyzed Mr. Johnson's legal issues before she read the Government's arguments; she wanted to first form her own thoughts on the issues. Graser Decl. 2. Counsel filed the opening appellate brief on September 19, 2019, roughly a month after her August 12 email to Mr. Johnson. *Id*. at 1. Mr. Johnson does not point to any evidence contradicting his appellate counsel's declaration. More confusingly, Mr. Johnson does not explain how his allegation aligns with the fact that appellate counsel did assert a residency defense to Counts 1-6. *Id*. at 41–48.

Because Mr. Johnson fails to show deficient performance from either trial or appellate counsel, his second claim is not grounds to vacate or set aside his conviction.

**III. Speedy Defense**

Next, Mr. Johnson claims his trial counsel rendered ineffective assistance by not preparing a speedy defense to his initial one-count indictment. Def's Mot. 17–18. Because of the pace of his trial counsel's initial strategy, Mr. Johnson theorizes he had to face a more daunting multi-count superseding indictment that carried a life sentence penalty. *Id.*

The initial 2014 indictment against Mr. Johnson charged one count of engaging in illicit sexual conduct in a foreign place that carried a 30-year maximum sentence. Indictment, ECF No. 2. The indictment included one complaining witness ("B.T.") and involved a November 2005 to October 2006 timeline. *Id.*

In May 2017, the grand jury returned a superseding indictment that added seven more counts against Mr. Johnson, with the eighth count carrying a maximum life sentence. Superseding Indictment, ECF No. 40. The superseding indictment included five additional victims. *Id.* A jury convicted Mr. Johnson on all eight counts and this Court sentenced him to life in prison.

After receiving the guilty verdicts, Mr. Johnson states his co-counsel said: "We should've demanded speedy trial when it was just one count." Nelson Decl. Ex. 31. Mr. Johnson now agrees with his co-counsel's postmortem reflection. Unfortunately for Mr. Johnson, hindsight alone is not the legal test. *Strickland*, 466 U.S. at 687; *Yarborough*, 540 U.S. at 6 ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.").

Under *Strickland*, the Court evaluates the adequacy of trial counsel's decisions at the time they were made. 466 U.S. at 690. Mr. Johnson's trial counsel first pursued a 'contamination' defense, aimed at discrediting the allegations of the Cambodian boys. Nelson Decl. Ex. 30 at 2, ECF No. 413. The strategy explored the idea that Mr. Johnson's previous child sex abuse charges in Oregon may have tainted his reputation and motivated the Cambodian children to select him as a target for false accusations of abuse. Mr. Johnson argues the pursuit of this defense strategy—that was eventually dropped before trial—in large part extended the trial timeline and allowed for a superseding indictment. Def.'s Mot. 17. But counsel is given wide latitude in deciding how to best represent a client and move forward on trial strategy. *Yarborough*, 540 U.S. 5–6. At the time, counsel believed it was the best "trial strategy to drag this out as long as possible before trial because the boys in Cambodia will have a chance to grow up and move on with their lives and become difficult to find or unwilling to come back to testify." Nelson Decl. Ex. 23 at 3, ECF No. 413. Trial counsel's initial approach was not successful. But exploring it was not so egregiously outside the bounds of reasonably acceptable performance to satisfy the first prong of *Strickland*.

Next, the Court respectfully declines Mr. Johnson's invitation to not "linger long on prejudice." Def's Mot. 26. Had he been convicted and sentenced based solely on the initial indictment, Mr. Johnson disturbingly envisages a scenario where the Government would have "taken its pound of flesh and quite possibly let any additional allegations go." Def's Reply 7, ECF No. 428. Mr. Johnson offers nothing but hopeful speculation to support his theory that the Government would not pursue charges against him for the serious allegations of sexual abuse made by five additional children. In fact, three Cambodian children had already told the Government about Mr. Johnson's alleged abuse by the time the initial indictment was returned.

9 – OPINION AND ORDER

And nothing in the record suggests the Government would have ended its investigation into Mr. Johnson's interactions with boys at the Hope Transitions Center orphanage.

Because Mr. Johnson fails to show deficient performance or prejudice from his counsel, his third claim is not grounds to vacate or set aside his conviction.

**IV. <u>Jury Selection</u>**

Finally, Mr. Johnson argues that his trial and appellate counsel rendered ineffective assistance during the jury selection process. As Mr. Johnson sees it, the jury was unconstitutionally empaneled, and his trial counsel improperly failed to object to it. Def's Mot. 26–27. He continues by alleging that his appellate counsel egregiously erred by not challenging the jury selection process on appeal. His counsels' abstentions from attacking the procedure, Mr. Johnson concludes, prejudiced him. *Id*. at 28. Mr. Johnson's framing is unconvincing.

This Court asked the parties to help generate a questionnaire for potential jurors during voir dire. See ECF No. 117. The questionnaire was intended to assist in screening potential jurors for bias and conflicts. After completion and review of the questionnaires, this Court excused Juror 13 for religious objections and Juror 14 for bias. Johnson Voir Dire Tr. 3, ECF No. 310. Mr. Johnson's trial attorney did not object to the removal of either juror. *Id*.

Mr. Johnson's trial counsel was active throughout the voir dire process. Johnson Voir Dire Tr. (trial counsel questioned potential jurors, raised for-cause and peremptory challenges, objected to the Government's request to bring back a juror, etc.). Trial counsel had access to all completed questionnaires. Trial counsel was informed about the excusal of jurors, including Jurors 13 and 14. And trial counsel made the strategic choice not to object to the excusals. Relatedly, Mr. Johnson's appellate counsel made the strategic choice to contest aspects of voir dire other than the excusals of Juror 13 and 14. Graser Decl. 3. Appellate counsel, an attorney for

nearly 45 years, did not believe the excusals to be a valid claim that would succeed in the Ninth Circuit. Graser Decl. 1, 3.

The presumption that counsels' strategic choices land within the wide range of reasonable professional assistance is too weighty for Mr. Johnson to overcome. *Strickland*, 466 U.S. at 681, 689. Generally, trial counsel's choices during jury selection are given a high degree of deference. *Carrera v. Ayers*, 670 F.3d 938, 948 (9th Cir. 2011). There are numerous valid reasons why a reasonable attorney would not object to a trial judge's dismissal of jurors for bias and religious objections. Mr. Johnson does not present any evidence that suggests counsel chose not to object because of gross incompetence. See *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) (finding that gross incompetence by an attorney meets the *Strickland* standard).

Mr. Johnson's claim fails the second prong of *Strickland* as well: prejudice. He leans on the unsupported supposition that a challenge to the jurors' removal would have restarted the voir dire process and hatched a jury "free from partiality concerns." Def's Mot. 28. Alternatively, he suggests it is reasonably probable that, had appellate counsel raised the issue on appeal, his trial would have been vacated or remanded for a new trial. *Id.*

A court must consider "the totality of the evidence before the judge or jury" when making a prejudice determination. *Strickland*, 466 U.S. at 694. Even if counsel successfully raised an objection during trial, it is far from reasonably probable that a different constellation of jurors would have produced a different result. The evidence against Mr. Johnson was overwhelming. Mr. Johnson does not demonstrate how the seated jurors—without Juror 13 or 14—were prejudicial. By not objecting to the dismissals of Juror 13 or 14, Mr. Johnson's trial counsel seemingly believed the seated jurors were not "tainted" as Mr. Johnson now suggests. Any jury would have been presented with the overwhelming evidence of guilt provided by the

Government. See *Strickland*, 466 U.S. at 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."). None of Mr. Johnson's allegations against his counsel undermine the Court's confidence in the outcome of his case. *Strickland*, 466 U.S. at 694.

Because Mr. Johnson does not show incompetence or prejudice, his fourth claim is not grounds to vacate or set aside his conviction.

## **<u>CONCLUSION</u>**

Mr. Johnson's Motion to vacate or set aside his sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this 17th day of November, 2025.


     /s/ Michael J. McShane     
MICHAEL J. MCSHANE
U.S. District Judge